# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE SHELTON,

        Plaintiff,

vs.

STATE OF NEVADA, *et al*.,

        Defendants.

Case No. 2:16-cv-01056-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed *in Forma Pauperis* (ECF No. 1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on May 10, 2016. Plaintiff filed a Supplement (ECF No. 2) to his application on May 24, 2016.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Defendants the State of Nevada, Zales Jewelry and Cliff Bennett. Plaintiff alleges that Defendant Bennet violated his 4th, 5th and 6th Amendment rights by testifying and identifying Plaintiff as the individual who was present at two Zales Jewelry locations that had been burglarized. Defendant Bennet's testimony was allegedly made without any actual proof. Plaintiff asserts that this testimony caused him to retain counsel who failed to file motions on Plaintiff's behalf, which ultimately led to Plaintiff being found guilty in state court of conspiracy, burglary and grand larceny.

## DISCUSSION

**I.    Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to

28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II.     Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964–65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan*

*v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.   Instant Complaint

42 U.S.C. § 1983 is the vehicle through which plaintiffs can seek redress for violations of rights secured by the United States Constitution and laws. In order to state a claim under § 1983, the plaintiff must show (1) a deprivation by the defendant of a right secured by the United States constitution or laws and (2) that the defendant deprived plaintiff of this right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604 (1970); *Jacobson v. Tahoe Regional Planning Agency*, 558 F.2d 928, 941 (9th Cir.1977); *Barragan v. Landry*, 2008 WL 873347, *6 (D. Nev. 2008). Section 1983 states in relevant part:

> Every person who, under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding from redress,....

42 U.S.C. § 1983.

As noted above, there are two basic elements that a plaintiff is required to allege to have a claim under § 1983. First, plaintiff must allege that someone has deprived him of a right guaranteed to him by the federal constitution. The second is that the person who deprived him of that right acted under color of state law. Once the plaintiff alleges that his federal civil rights have been violated, then a plaintiff must show that those rights were violated by a person acting under color of state law. This means that plaintiff must name a person as a defendant in the complaint and that person must have acted under what is called "color of state law." Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or

county government. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

### A. Section 1983 Does Not Apply to Private Conduct

Section 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842–43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340–41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff's claims against Defendants Cliff Bennet and Zales Jewelry fail to establish the basic elements needed to successfully posit a claim under § 1983. First, Plaintiff fails to state that Defendants' actions were the result of a government policy. In addition, for purposes of § 1983, Defendants are private actors and are not deemed government officials acting under the color of

state law and Plaintiff has not argued otherwise.[1] As a result, Plaintiff has not alleged that his constitutional rights were violated by a person acting under the color of state law and has therefore failed to state a claim upon which relief may be granted under § 1983. However, the Court cannot state with certainty that Plaintiff could never state a proper claim against Defendants. Therefore, Plaintiff's complaint will be dismissed with leave to amend.

### B. States are not a "Person" for § 1983 Purposes

States, and any governmental agency that is an arm of the state, are not a "person" for purposes of § 1983. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (states); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (state agencies); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (en banc) (discussing both states and state agencies). Section 1983 lawsuits filed against states are legally frivolous because they are barred by the Eleventh Amendment. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Plaintiff lists the State of the Nevada as a defendant in this case but provides no facts related to claims against the state. Even if Plaintiff articulated facts against the State of Nevada, his claims are nevertheless without an arguable legal basis and the Court will recommend that they be dismissed with prejudice.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing

---

[1] Plaintiff states that Defendant Cliff Bennet is a "Regional Loss Prevention Manager" presumably for Zales Jewelry stores, which is also private entity.

of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #7011965), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 24, 2017** to file an amended complaint correcting the noted deficiencies.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the State of Nevada be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has

held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of January, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge