# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE SHELTON,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No.: 2:16-cv-01056-GMN-GWF

**ORDER**

Pending before the Court is the Motion for Relief from Judgment, (ECF No. 10), filed by pro se Plaintiff Bruce Shelton ("Plaintiff").[1] For the reasons discussed herein, Plaintiff's Motion is **GRANTED**.

**I.    BACKGROUND**

On May 10, 2016, Plaintiff, a Nevada state prisoner, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Cliff Bennett ("Bennett"), Zales Jewelry ("Zales"), and the State of Nevada ("Nevada") (collectively "Defendants"). (Compl., ECF No. 1-1). On January 25, 2017, Magistrate Judge George W. Foley issued an Order and Report and Recommendation in which he recommended that Plaintiff's claims against Nevada be dismissed with prejudice for failure to state a claim upon which relief can be granted. (Order and Report & Recommendation ("R.&R.") 6:24–25, ECF No. 6). Additionally, Judge Foley ordered that Plaintiff's claims against Bennett and Zales be dismissed without prejudice with leave to file an amended complaint by February 24, 2017. (*Id.* 6:20–22). Pursuant to Local Rule IB 3-2(a), Plaintiff was given fourteen days to file an objection to the Report and Recommendation. (*Id.* 6:27–28).

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, on January 31, 2017, the Order and Report and Recommendation was returned as undeliverable, (*see* ECF No. 5), rendering Plaintiff unable to file objections.

On March 30, 2017, the Court adopted in full Judge Foley's Report and Recommendation. (Order, ECF No. 6). Specifically, the Court dismissed Plaintiff's claims against Bennett and Zales without prejudice and dismissed the claims against Nevada with prejudice. (*Id.* 1:13–16). Moreover, the Court noted in its holding that Plaintiff failed to file an objection. (*Id.* 1:12–13). On March 31, 2017, the Clerk of Court entered judgment against Plaintiff pursuant to this Order. (Clerk's J., ECF No. 7).

On April 5, 2017, the Court received Plaintiff's Notice of Change of Address, (ECF No. 8). The Notice stated that Plaintiff was transferred from Clark County Detention Center ("CCDC") to Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada, on March 30, 2017. (*Id.*); (Mot. for Relief from J. 2:17–19, ECF No. 10). On April 11, 2017, Plaintiff's mail addressed to CCDC that included the Order and Report and Recommendation was again returned as undeliverable. (Mail Returned as Undeliverable, ECF No. 9).

On May 19, 2017, Plaintiff filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) where Plaintiff explained that he did not receive the Report and Recommendation in time to file objections. (Mot. for Relief from J. at 3). However, on September 28, 2017, Plaintiff submitted an Amended Complaint against Bennett and Zales for Defamation of Character and False Information. (Am. Compl., ECF No. 11).

## II.    **LEGAL STANDARD**

A court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386,

1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III. DISCUSSION

Plaintiff seeks relief from the Court's Order dismissing the case without prejudice. (Mot. for Relief from J. 3:6–9, ECF No. 10). Specifically, Plaintiff argues that by not being given an opportunity to object to the Court's Orders, he has been "greatly prejudiced through no fault of his own." (*Id.* 2:27–28).

Under the Nevada Local Rules of Practice, "[t]he plaintiff must immediately file with the court written notification of any change of address. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice." D. Nev. L.R. 2–2. Moreover, a litigant "moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Here, the Court received Plaintiff's Notice of his Change of Address after the Report and Recommendation was sent to CCDC a second time and ultimately returned as undeliverable.

(*See generally* ECF No. 5; *see also* ECF No. 8). Plaintiff asserts that he was prejudiced because he was "not given any opportunity to object or reply to the Court's orders." (Mot. for Relief from J. 3:1–2). Further, Plaintiff argues that he is not at fault for failing to receive these documents and that being unable to respond to the Court's Orders is "a great injustice." (*Id.* 4:12–31).

The Court agrees. Plaintiff's inability to receive his Report and Recommendation in order to timely object constitutes "circumstances beyond his control." *Harvest v. Castro*, 531 F.3d at 749. Pursuant to this, the Court determines that justice requires reopening the case and permitting Plaintiff the opportunity to file objections. Therefore, Plaintiff's Motion for Relief from Judgment is granted, and the case is reopened.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order, (ECF No. 6), and the Clerk's Judgment, (ECF No. 7), are **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is **REOPENED**.

**IT IS FURTHER ORDERED** that the Order and Report and Recommendation, (ECF No. 4), is **REOPENED**. Plaintiff shall have thirty days from the issuance of this Order to file objections to the Order and Report and Recommendation.

**DATED** this __29__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court