# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE SHELTON,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No.: 2:16-cv-01056-GMN-GWF

**ORDER**

Pending before the Court is the Motion for Relief from Judgment, (ECF No. 13), filed by pro se Plaintiff Bruce Shelton ("Plaintiff").[1] For the reasons discussed herein, Plaintiff's Motion is **GRANTED**.

## I.    BACKGROUND

On May 10, 2016, Plaintiff, a Nevada state prisoner, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Cliff Bennett ("Bennett"), Zales Jewelry ("Zales"), and the State of Nevada ("Nevada") (collectively "Defendants"). (Compl., ECF No. 1-1). On January 25, 2017, Magistrate Judge George W. Foley issued a Report and Recommendation in which he recommended that Plaintiff's claims against Nevada be dismissed with prejudice. (R&R 6:24–25, ECF No. 6). Additionally, Judge Foley ordered that Plaintiff's claims against Bennett and Zales be dismissed without prejudice with leave to file an amended complaint by February 24, 2017. (*Id.* 6:20–22). Pursuant to Local Rule IB 3-2(a), Plaintiff was given fourteen days to file an objection to the Report and Recommendation. (*Id.* 6:27–28). On January 31, 2017, the Report and Recommendation was returned as undeliverable, (*see* ECF No. 5).

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On March 30, 2017, the Court adopted in full Judge Foley's Report and Recommendation. (*See* Order, ECF No. 6). The Court dismissed Plaintiff's claims against Bennett and Zales without prejudice noting that Plaintiff failed to file a timely objection. (*Id.* 1:12–16). On March 31, 2017, the Clerk of Court entered judgment against Plaintiff. (Clerk's J., ECF No. 7).

On April 5, 2017, Plaintiff filed a Notice of Change of Address, (ECF No. 8), stating that Plaintiff was transferred from Clark County Detention Center ("CCDC") to Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada, on March 30, 2017. (*Id.*); (Mot. for Relief from J. 2:17–19, ECF No. 10). On April 11, 2017, Judge Foley's Report and Recommendation was again returned as undeliverable, (ECF No. 9).

On May 19, 2017, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) in which Plaintiff explained that he did not receive the Report and Recommendation in time to file objections. (Mot. for Relief from J. at 3, ECF No. 10). Plaintiff subsequently filed an Amended Complaint naming Bennett and Zales as defendants. (*See* Am. Compl., ECF No. 11).

On April 16, 2018, the Court granted Plaintiff's motion for relief on the basis that his failure to object or otherwise file anything following Judge Foley's Report and Recommendation was the result of "circumstances beyond his control." (*See* Order 4:6–8, ECF No. 12). The Court continued that "justice requires reopening the case and permitting Plaintiff the opportunity to file objections." (*Id.* 4:8–10). Following the Court's Order, Plaintiff filed the instant Motion for Relief, (ECF No. 13).

## II.  LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

## III. <u>DISCUSSION</u>

In his instant Motion for Relief, Plaintiff does not assign error with respect to Judge Foley's Report and Recommendation but rather asks that his case be permitted to proceed. (Mot. for Relief, ECF No. 13). Specifically, Plaintiff appears to request that the Court allow his untimely Amended Complaint to serve as the operative complaint in this action. (*Id.*). Upon review, Plaintiff's Amended Complaint is consistent with Judge Foley's Recommendation as it no longer asserts a § 1983 claim against Nevada, which Judge Foley recommended dismissing with prejudice. (*See* Am. Compl., ECF No. 11); (*see also* R&R 6:24–25, ECF No. 6).

The Court previously recognized that Plaintiff's failure to timely object to the Report and Recommendation was the result of circumstances beyond Plaintiff's control. (*See* Order 4:6–10, ECF No. 12). Consistent with this reasoning, the Court finds that Plaintiff's inability to timely file an amended complaint was due to circumstances beyond his control. Accordingly, the Court will permit Plaintiff's Amended Complaint, filed on September 28, 2017, to serve as his operative complaint. Pursuant to 28 U.S.C. § 1915A, Plaintiff's Amended Complaint will undergo screening prior to litigation commencing.

///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment, (ECF No. 13), is **GRANTED**. Plaintiff's Amended Complaint filed on September 28, 2017, shall serve as Plaintiff's operative complaint in this action subject to the screening requirements of 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Judge Foleys Report and Recommendation, (ECF No. 4), is **ACCEPTED** and **ADOPTED** to the extent it does not conflict with the instant Order.

**DATED** this __5__ day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court