UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE SHELTON,<br><br>　　　　　　Plaintiff,<br>v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-01056-GMN-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on the screening of Plaintiff's First Amended Complaint (ECF No. 11), filed on September 28, 2017.

## **BACKGROUND**

On January 25, 2017, the undersigned entered an order granting Plaintiff's Application for Leave to Proceed *In Forma Pauperis* and a report and recommendation that Plaintiff's claims against the State of Nevada be dismissed with prejudice. *See* ECF No. 4. In addition, the Court dismissed without prejudice Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Cliff Bennet and Zales Jewelry and granted Plaintiff leave to file an amended complaint to amend the deficient claims. *Id.* Plaintiff had fourteen days to file an objection to the undersigned's report and recommendation pursuant to Local Rule IB 3-2(a). On January 31, 2017, the order and report and Recommendation was returned as undeliverable. *See* ECF No. 5.

On March 30, 2017, the Court entered an order accepting and adopting the undersigned's order and report and recommendation. *See* ECF No. 6. On March 31, 2017, the Clerk of the Court entered judgment against Plaintiff. ECF No. 7. On April 5, 2017, Plaintiff filed a notice of change of address. ECF No. 8. On May 19, 2017, Plaintiff filed a motion for relief from judgment and filed an amended complaint. ECF Nos. 10, 11. On March 29, 2018, the Court granted Plaintiff's motion for relief, reopened his case, reopened the undersigned order and

1

report and recommendation (ECF No. 4), and granted Plaintiff 30 days to file an objection. ECF No. 12. On April 16, 2018, Plaintiff filed another motion for relief. ECF No. 13. On October 5, 2018, the Court granted Plaintiff's motion permitting Plaintiff's amended complaint to be the operative complaint in this matter subject to the screening requirements of 28 U.S.C. § 1915A. *See* ECF No. 14. Further, the Court accepted and adopted the undersigned's report and recommendation (ECF No. 4).

## DISCUSSION

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order and report and recommendation (ECF No. 4), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete. In its report and recommendation (ECF No. 4), the Court reiterated

to Plaintiff that he could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

**I.      Instant Complaint**

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). To the extent that Plaintiff is seeking to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Zales Jewelry and Defendant Cliff Bennett, a regional manager of Zales Jewelry, violated his 5th, 6th, 8th, and 14th Amendment rights. He asserts that Defendant Bennett provided false information to law enforcement investigating burglaries of Zales Jewelry stores and testified identifying Plaintiff in video surveillance as the individual committing the burglary.

Private conduct is generally immune from § 1983 claims, regardless of how discriminatory or wrongful the conduct may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Section 1983 claims may be brought against "any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). Section 1983 is not invoked by "purely private conduct." D*istrict of Columbia v. Carter,* 409 U.S. 418, 424 (1973). A defendant being sued under § 1983 acts under color of state law when he abuses the position given to him by the state. Therefore, generally, a public employee acts under color of state law while acting in his official capacity or while exercising responsibilities pursuant to state law. *West v. Atkins*, 487 U.S. 42, 50 (1988).

Even when there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S.

3

345, 350 (1974);   The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff's claims in his original complaint against Defendants Bennett and Zales Jewelry were dismissed because Plaintiff failed to set forth the basic elements to show that they were proper defendants under § 1983.  His amended complaint fails to correct the defects identified in this court's prior screening order.  Plaintiff does not allege that Defendants' conduct was a result of a government policy.  Further, Defendants are not considered public employees or government actors that are acting under the color of state law.  There is no connection between the State of Nevada and Defendants, other than the fact that Defendants are required to operate in accordance with state laws and regulations.  Plaintiff has not pled sufficient facts to state a claim under § 1983.  The Court finds that Plaintiff will be unable to successfully state a claim against Defendants.  Therefore, the Court recommends that Plaintiff's first amended complaint be dismissed with prejudice.  Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (ECF No. 11) be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.  It is clear from the face of the complaint that Plaintiff will be unable to cure the noted deficiencies.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or

. . .

. . .

appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 8th day of November, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE